# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. COPING,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0938** (BOR Appeal No. 2050267)
(Claim No. 2014005302)

**ELEMENTIS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Coping, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Elementis, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 1, 2015, in which the Board affirmed a February 3, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 22, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Coping, a material handler, alleges that he developed carpal tunnel syndrome in the course of and as a result of his employment. Treatment notes by Jenifer Hadley, D.O., from November 1, 2011, through March 18, 2013, indicate Mr. Coping was treated for chronic lower back pain. He reported that he injured his back a year prior and then reinjured it. It was noted that he also suffered from chronic neck pain. No mention was made of upper extremity symptoms until August 15, 2013, when William Dennison, M.D., treated the claimant for intermittent numbness in his upper extremities. Dr. Dennison diagnosed fibromyalgia and

1

questionable neuropathy and recommended referral to neurology. The claims administrator rejected the claim on August 22, 2013.

Mr. Coping testified in a deposition on December 17, 2013, that he had worked for Elementis since 1994 as a material handler. He stated that he packed, unloaded, and transferred sacks. He also performed labor work. Mr. Coping explained that the sacks he had to move weighed between twenty-two and fifty-five pounds. He stated that his shifts lasted between eight and twelve hours. Mr. Coping testified that a material handler has three jobs: handling material, packing, and loading or unloading. He also had to turn valves on and off. He stated that he weighed 322 pounds, had surgery, and now weighs 248. He denied any prior fractures to his hands or wrists. He also stated he has never been diagnosed with diabetes, rheumatoid arthritis, rheumatic fever, or thyroid problems.

Mr. Coping began treating with Matthew Werthammer, M.D., on January 20, 2014. Dr. Werthammer stated that Mr. Coping presented with numbness and tingling in both hands, worse on the right. He also had pain in his wrists. It was noted that Mr. Coping has issues with chronic neck and back pain. He was diagnosed with bilateral carpal tunnel syndrome. Surgery was performed on the right wrist in January of 2014. On follow-up on February 17, 2014, Dr. Werthammer noted that Mr. Coping's right carpal tunnel release was successful; however, the left side had become more symptomatic. He further noted issues with chronic neck and lower back pain. A left-sided carpal tunnel release was performed on March 12, 2014. On March 24, 2014, Dr. Werthammer found that Mr. Coping had gained improvement with surgery but still had some chronic pain. He noted that a lumbar MRI showed no significant disc herniations or surgical pathology.

The Office of Judges affirmed the claims administrator's decision in its February 3, 2015, Order. It found that the first report of possible carpal tunnel syndrome occurred on August 15, 2013, when Dr. Dennison diagnosed Mr. Coping with fibromyalgia and possible neuropathy after a peripheral nerve conduction study of the upper extremities was suggestive of carpal tunnel syndrome. The Office of Judges noted that though Mr. Coping underwent EMG/NCV testing, the tests were indicated for numbness and pain in the bilateral lower extremities as well as back pain. The Office of Judges further determined that he saw Dr. Werthammer on January 20, 2014, for numbness and tingling in both hands. He assessed bilateral carpal tunnel syndrome and Mr. Coping opted for surgery. The Office of Judges concluded that though the medical records support a diagnosis of carpal tunnel syndrome, Mr. Coping did not provide sufficient information regarding his job duties and how they would have caused the condition. The Office of Judges also noted that Mr. Coping has risk factors that are known causes of carpal tunnel syndrome, including obesity. Lastly, his condition did not improve when he stopped working and, in fact, has continued to worsen over time. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 1, 2015.

After review, we agree with the reasoning of the Office of Judge and conclusion of the Board of Review. Though the medical evidence clearly establishes that Mr. Coping has carpal tunnel syndrome, he has failed to show that the condition is the result of his employment. His job does not fall in the occupational groups at higher risk for carpal tunnel syndrome. Further, his job

duties do not seem to include awkward wrist positioning, vibratory tools, significant grip force, or high force repetitive movements. West Virginia Code of State Rules § 85-20-41.5 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II